STATE of Missouri, Respondent,

v.

Robert BURNS, Appellant.

No. 80744.

Supreme Court of Missouri,
En Banc.

Oct. 20, 1998.

Rehearing Denied Nov. 24, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for Respondent.

COVINGTON, Judge.

Appellant Robert Burns appeals his conviction by a jury of first degree statutory sodomy, section 566.062, RSMo 1994, for which he was sentenced to fifteen years imprisonment. Appellant challenges the constitutionality of section 566.025, RSMo 1994, under which evidence of appellant's prior uncharged misconduct was admitted. Appellant asserts that section 566.025 violates article I, sections 17 and 18(a) of the Missouri Constitution as well as the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. The challenge under the Missouri Constitution is dispositive. The judgment is reversed, and the cause is remanded for a new trial.

Viewed in the light most favorable to the verdict, the evidence shows that in 1995 the victim, a seven-year-old male, lived in the same neighborhood as appellant, who was then seventeen. On June 7, 1995, the victim and his nine-year-old brother were playing

basketball with appellant behind a neighborhood church. At the suggestion of appellant, appellant and the two boys went swimming in a nearby creek. Appellant and the victim took off their clothes and went into the creek; the victim's older brother removed only his shoes and socks.

After appellant and the two boys had finished swimming and had gotten dressed, appellant told the victim's older brother to go up the stream behind some trees. When appellant began to throw rocks at him, the victim's older brother complied. When the victim's brother was out of sight, appellant told the victim to pull down his pants. The victim complied, and appellant performed fellatio on the victim. The appellant told the victim to do the same to him, but the victim refused. The victim then screamed that he saw a snake, and his brother emerged from the trees. The two brothers returned home. The victim reported the incident to his father the following day.

At trial, the state was allowed to introduce, over appellant's objection, the testimony of two witness regarding prior sexual abuse committed by the appellant for which the appellant was never charged. The witnesses were a fourteen-year-old boy and his mother, both of whom had lived in appellant's neighborhood in 1989 and 1990, when the boy was eight years old. The boy testified that on several occasions appellant coerced him into placing appellant's penis in his mouth. The boy's mother testified that she had discovered her son with his mouth on appellant's penis. The incidents were not reported to the police.

The witnesses had been endorsed pursuant to section 566.025, RSMo 1994, which provides:

In prosecutions under chapter 566 or 568 involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence

involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.

■■■ Appellant challenges the constitutionality of section 566.025. A statute is presumed valid unless it clearly contravenes a constitutional provision. *Mahoney v. Doerhoff Surgical Servs.*, 807 S.W.2d 503, 512 (Mo. banc 1991). This Court is bound to adopt any reasonable reading of the statute that will allow its validity and to resolve any doubts in favor of constitutionality. *State ex rel. McClellan v. Godfrey*, 519 S.W.2d 4, 8 (Mo.1975). These rules of construction do not save section 566.025 as applied in this case.

■■ Section 566.025 violates the Missouri Constitution in a case such as the instant case where the evidence is presented while guilt remains undecided. The statute's declaration that evidence of other charged and uncharged crimes "shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged" offends article I, sections 17 and 18(a) of the Missouri Constitution. Article I, section 17 provides, in pertinent part, "[t]hat no person shall be prosecuted criminally for felony or misdemeanor otherwise than by indictment or information." Article I, section 18(a) provides, in pertinent part, "[t]hat in criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation; ...."

Article I, sections 17 and 18(a) guarantee a criminal defendant the right to be tried only on the offense charged. The common law of this state with regard to propensity evidence is rooted in article II, sections 12 and 22 of the 1875 Constitution, the predecessors to the present provisions. *State v. Leonard*, 182 S.W.2d 548, 551 (Mo.1944); *State v. Harris*, 283 Mo. 99, 222 S.W. 420, 423–24 (Mo. 1920), *overruled on other grounds, State v. Cason*, 252 S.W. 688 (Mo.1923). Evidence of uncharged crimes, when not properly related to the cause on trial, violates a defendant's right to be tried for the offense for which he is indicted. *State v. Holbert*, 416 S.W.2d 129, 132 (Mo.1967). The admission of uncharged

crimes not tending to establish an element of the charged crime would, in effect, amount to trying the defendant for crimes not designated in the indictment. *State v. Wellman,* 253 Mo. 302, 161 S.W. 795, 799 (Mo.1913) (citing Mo. Const. art. II, section 22 (1875)).

Although more recent cases do not cite to the constitution, the law remains unchanged. The general rule concerning the admission of evidence of uncharged crimes, wrongs, or acts is that evidence of prior uncharged misconduct is not admissible for the purpose of showing the propensity of the defendant to commit such crimes. *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (Mo. banc 1954). This Court has recognized that showing the defendant's propensity to commit a given crime is not a proper purpose for admitting evidence, because such evidence "may encourage the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged." *State v. Bernard,* 849 S.W.2d 10, 16 (Mo. 1993).

Evidence of prior misconduct of the defendant, although not admissible to show propensity, is admissible if the evidence is logically relevant, in that it has some legitimate tendency to establish directly the accused's guilt of the charges for which he is on trial, and if the evidence is legally relevant, in that its probative value outweighs its prejudicial effect. *Bernard,* 849 S.W.2d at 13. Section 566.025 makes no provision for consideration of whether evidence is logically or legally relevant. Rather, its language is mandatory, requiring that propensity evidence "shall be admissible for the purpose of showing the propensity of the defendant" to commit the charged crime or crimes. The language stands in disregard of article I, sections 17 and 18(a). When evidence of uncharged misconduct is introduced for no purpose other than to show the defendant's propensity to commit such crimes, the defendant is forced to defend against the uncharged conduct in addition to the charged crime. *See State v. Spray,* 174 Mo. 569, 74 S.W. 846, 848, 851 (Mo.1903) (discussing the firmly established law in all English-speaking lands, which is rooted in regard for the liberty of the individual.). In all cases in which evidence of uncharged misconduct is offered, "the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny." *State v. Holbert,* 416 S.W.2d 129, 132 (Mo.1967). The plain language of section 566.025 that evidence of other charged and uncharged crimes "shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged" provides for the mandatory admission of propensity evidence. As a consequence, section 566.025 violates art. I, sections 17 and 18(a) of the Missouri Constitution.

Conceding that the constitutionality of section 566.025 is questionable, the state argues that 566.025 does not prevent a trial court from balancing the value and effect of evidence of other crimes. The state's proposed interpretation would require this Court to ignore the legislature's use of the mandatory term "shall." While courts are bound to adopt any reasonable reading of the statute that will allow its validity, the plain language of section 566.025 prevents any such interpretation. *Godfrey,* 519 S.W.2d at 8. Where the language of the statute is clear, courts must give effect to the language used by the legislature. *Kearney Special Road District v. County of Clay,* 863 S.W.2d 841, 842 (Mo. banc 1993). Courts lack authority to read into a statute a legislative intent contrary to the intent made evident by the plain language. *Id.*

The state also argues that section 566.025 does not violate sections 17 and 18(a) in that the defendant is not "on trial" for the uncharged conduct introduced under section 566.025, because he can be convicted only for the formally charged crime. The argument is without merit. When evidence of uncharged misconduct is introduced to show the defendant's propensity to commit such crimes, the jury may improperly convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the charged crime. *Bernard,* 849 S.W.2d at 16. As a result, the defendant is forced to defend against the

uncharged conduct in addition to the charged crime.

Despite the long line of Missouri cases declaring that the admission of evidence to prove propensity violates the defendant's right to be tried only for the offense charged, many of which plainly cite the Missouri constitution (*see supra*), the state argues that the general rule barring evidence of other crimes is not a constitutional prohibition, but rather is evidentiary in nature. The state claims that Missouri precedent can be traced back to *State v. Spray*, 174 Mo. 569, 74 S.W. 846 (Mo.1903), and *People v. Molineux*, 168 N.Y. 264, 61 N.E. 286 (N.Y.1901), which the state claims did not link the exclusion of uncharged offenses to any constitutional provision.

The state's contention is without merit. Although the court in *Spray* did not cite to the Missouri Constitution, the *Spray* decision was clearly based upon the defendant's right to be tried only for the offense charged. In explaining its decision, the *Spray* court stated, "Defendant was only required to meet the charge ... in the indictment, and he is not required to, nor is he presumed to know that he will have to, meet and repel testimony as to a separate and distinct offense. This is loading him with a burden that the law does not sanction." *Spray*, 74 S.W. at 851. Likewise, the *Molineux* decision is of no assistance. The New York Court of Appeals holds that "the state cannot prove against a defendant any crime not alleged in the indictment, either as foundation for a separate punishment, or as aiding the proofs that he is guilty of the crime charged." *Molineux*, 61 N.E. at 293. This is precisely what the Missouri Constitution prohibits.

In sum, this Court holds that section 566.025 violates article I, sections 17 and 18(a) of the Missouri Constitution where the evidence is presented while guilt remains undecided.

In addition to his constitutional challenge, appellant asserts two other points of error. First, appellant asserts that the trial court erred in overruling appellant's request for a mistrial when a witness for the prosecution testified as to his opinion of the victim's truthfulness. The state concedes error. The error is unlikely to recur on retrial. Finally, appellant asserts that the trial court erred in failing to instruct the jury regarding how to consider the propensity evidence offered against the defendant under section 566.025. This point is moot, in light of this Court's decision that section 566.025 is unconstitutional.

The judgment is reversed, and the cause remanded for a new trial.

All concur.