STATE of Missouri, Respondent,

v.

Richard A. SALES, Appellant.

Nos. WD 52111, WD 54853.

Missouri Court of Appeals, Western District.

Dec. 15, 1998.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Susan Lynn Hogan, Appellate Defender, Kansas City, MO, Attorney for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Barbara K. Chesser, Asst. Atty. Gen., Jefferson City, for Respondent.

Before: Presiding Judge RIEDERER, Judge LOWENSTEIN and Judge LAURA DENVIR STITH.

LOWENSTEIN, Judge.

Sales was found guilty by a jury on November 29, 1995 of two counts of felony statutory sodomy, Section 566.062, RsMo 1994, for deviate sexual intercourse against two boys committed at Sales' residence at 121 North Topping. All further statutory references will be to the Revised Statutes of Missouri, 1994. Sales was sentenced as a persistent offender to concurrent terms of thirty years in prison.

The victims were his then wife's son, O.M. who was six when the acts were committed, and his then live-in girlfriend's son, J.H. who was nine when the acts were committed. The count involving J.H. pertained to Sales placing his penis in J.H.'s anus. The count involving O.M. for Sales squeezing O.M.'s penis "a number of times," putting his mouth on O.M's mouth, and placing his penis in O.M's anus on three occasions.

Barbara Paruse, an investigator with the Division of Family Services brought this case to light in April 1995 while following up on a hotline call alleging that there were unsanitary conditions at 343 Wheeling in Kansas City. At that time, J.H. and his mother resided at this address. Paruse wanted to speak with J.H. and his mother even though she had found the home was sanitary. She returned to the home on April 9 to complete her investigation. In questioning J.H., Paruse talked with him about the difference between "good touch" and "bad touch." As a rule, Paruse goes into "good touch" and "bad touch" subject matter because of her general concerns when there's a lot of moving around in a family to make sure that the children are aware of good and bad touching. In this instance, J.H. and his mother had previously resided with Sales from December 1994 to March 1995. During this conversation, J.H. told Paruse that Sales "put his dick in my butt" one time when they lived in a white house in Kansas City. J.H. said the incident happened at night when his mother was sleeping and that Sales threatened to spank him if he told anyone about the incident. Paruse asked J.H.'s mother about Sales, and learned that Sales' address was 121 North Topping. Paruse told J.H.'s mother about the conversation with J.H. and urged her to file a police report. In further conversations with police on April 10, 1995 and on May 3, 1995, J.H. repeatedly indicated sexual abuse.

Paruse ran a computer check in an attempt to see whether there were any children currently on public assistance at 121 North Topping. She learned that there were two children living at that address, O.M., a six year old boy and his sister, a six month old girl.

On May 10, 1995, Paruse interviewed O.M. at his school. O.M. was able to identify his body parts, but was embarrassed and refused to talk about private parts. Paruse tried to ask the child about good touch and bad touch. O.M. refused to talk about bad touch. Paruse then referred O.M. for a sexual abuse assessment. Maureen Patton, a licensed clinical social worker, met with O.M. Patton testified as to her belief that O.M. had been sexually abused. Later conversations with police detectives corroborated O.M.'s conversations with Patton.

O.M. testified at trial but would not respond to all the questions. J.H. refused to enter the courtroom, screaming "No, no, no, I don't want to go in." The trial court ruled that the two boys were unavailable to testify.

Over defense counsel's objection, the court allowed the state to call C.P. to testify under Section 566.025. C.P., who was 15 years old at the time of trial, testified that he and his mother used to visit her ex-husband Sales, when C.P. was six or seven years old. C.P. testified he was sometimes left alone with Sales at Sales' house. On one occasion, C.P. and Sales went down to the basement where Sales "hollered" at C.P. to pull his pants

down and C.P. did so. Sales then put his penis in C.P.'s anus. At another time, Sales called C.P. to the bathroom to get some soap from underneath the bathtub. After C.P. retrieved the soap, Sales told C.P. to lean over the sink. Sales pulled C.P.'s pants down and put his penis in C.P.'s anus.

Sales' first point on appeal asserts prejudicial error in a trial court ruling which allowed C.P. to testify under Section 566.025. The trial court overruled Sales' objection to evidence elicited from C.P. that showed Sales allegedly put his penis in a seven year old's anus eight years before trial. Sales argued that he was denied due process and a fair trial as guaranteed by the Fifth, Sixth and Fourteenth amendments because that evidence was prejudicial evidence of other bad acts introduced only to show that Sales had a propensity to molest young boys.

Section 566.025 is as follows:

> In prosecutions under chapter 566 or 568 involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.

On October 20, 1998 the Supreme Court of Missouri declared Section 566.025 unconstitutional. *State v. Burns*, 978 S.W.2d 759 (Mo. banc, 1998). In *Burns*, the court held that "Section 566.025 violates the Missouri Constitution in a case such as the instant case where the evidence is presented while guilt remains undecided. That statute's declaration that evidence of other charged and uncharged crimes 'shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged' offends Article I, sections 17 and 18(a) of the Missouri Constitution." *Id.*, at 760. The Supreme Court further stated that "this Court has recognized that showing the defendant's propensity to commit a given crime is not a proper purpose for admitting evidence, because such evidence 'may encourage the jury to convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the crime charged.'" *Id.*, at 761 *citing State v. Bernard*, 849 S.W.2d 10, 16 (Mo.1993). The court in *Burns* stated that "section 566.025 makes no provision for consideration of whether evidence is logically or legally relevant. Rather, its language is mandatory, requiring that propensity evidence 'shall be admissible for the purpose of showing the propensity of the defendant' to commit the charged crime or crimes. The language stands in disregard of article I, sections 17 and 18(a)" thus in violation of the Missouri Constitution. *Id.*, at 761.

The other issues raised by Sales as to trial court error need not be addressed. The judgment is reversed and remanded for new trial.

All Concur.