**Ernest LAMASTUS, Plaintiff/Appellant,**

v.

**STATE of Missouri, Defendant/Respondent.**

No. 74453.

Missouri Court of Appeals, Eastern District, Division One.

March 30, 1999.

Mark A. Grothoff, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Wade Thomas, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Ernest Lamastus (Defendant) was charged by amended information with rape in violation of Section 566.030 RSMo (1994)[1] and sodomy in violation of Section 566.060. The victim, A.L.S., was less than fourteen years old. Defendant was tried before a jury in the Washington County Circuit Court on April 30, 1996. The jury found Defendant guilty on both counts. On August 19, 1996, Defendant was sentenced as a persistent sexual offender to life imprisonment on each count with the sentences to run consecutively. On August 28, 1996, Defendant appealed and this court affirmed the convictions. *State v. Lamastus*, 952 S.W.2d 383 (Mo.App. E.D.1997).

On October 2, 1996, Defendant filed a pro se Rule 29.15 motion. On January 20, 1998, Defendant filed an amended Rule 29.15 motion alleging, inter alia, that he was denied effective assistance of counsel because trial counsel failed to object to testimony concerning uncharged acts of sodomy against another child. The motion court denied Defendant's motion for an evidentiary hearing on February 23, 1998. On May 19, 1998, the motion court issued findings of fact and conclusions of law denying Defendant's motion. Defendant appeals the action of the motion court.

We first address Defendant's point two allegation that the motion court clearly erred in denying his motion for postconviction relief without an evidentiary hearing because trial counsel was ineffective in failing to object to evidence of uncharged bad acts and crimes.

Appellate review of the motion court's action is limited to determining whether the findings and conclusions are clearly erroneous. Rule 29.15(k); *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). The motion court's ruling will be found clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Watt v. State*, 835 S.W.2d 404, 406 (Mo.App. E.D. 1992).

A Rule 29.15 evidentiary hearing is not required when the motion and the records conclusively show that the movant is entitled to no relief. Rule 29.15(h). To be entitled to an evidentiary hearing, the motion must: (1) allege facts, not conclusions, war-

1. All statutory references are to RSMo (1994) unless otherwise indicated.

ranting relief; (2) the facts alleged must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice. *State v. Brooks*, 960 S.W.2d 479, 497 (Mo. banc 1997).

To establish a claim of ineffective assistance of counsel, Defendant must show that counsel failed to exercise the customary skill and diligence that reasonably competent counsel would provide under similar circumstances, and that Defendant was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ Defense counsel filed a motion in limine claiming the court should exclude the testimony of A.M., a victim of an uncharged act by Defendant, because it violated Defendant's constitutional rights in that it was evidence of uncharged crimes. Relying on Section 566.025, the court overruled the motion. A.M. subsequently testified that when she was nine years old, Defendant touched her genitalia and placed his finger in her vagina. Defense counsel neither objected to the testimony at trial nor included it in the motion for new trial. Defendant challenged the admission of this evidence on direct appeal for plain error claiming that Section 566.025 was unconstitutional. On September 23, 1997, this court affirmed Defendant's convictions and sentences. *State v. Lamastus*, 952 S.W.2d 383 (Mo.App. E.D.1997).

■ Defendant relies on *State v. Burns*, 978 S.W.2d 759 (Mo. 1998), to argue trial counsel was ineffective for failing to object to the testimony of A.M. Performance of trial counsel is evaluated by reference to the law existing at the time of the trial; failure to predict a change in the law is not ineffective assistance. *State v. Cottrell*, 910 S.W.2d 814, 817 (Mo.App. E.D.1995). The court admitted A.M.'s testimony pursuant to Section 566.025, which was in effect at the time of Defendant's trial. Section 566.025 provided:

> In prosecutions under chapter 566 or 568 involving a victim under fourteen years of age...evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime...provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.

Defendant argues that trial counsel was ineffective because *Burns* overturned Section 566.025. *Burns*, op. at 760. However, *Burns* was decided more than two years after Defendant's trial ended, and therefore, the failure to object was not ineffective assistance of counsel because the admitted testimonial evidence was within the boundaries allowed by the existing statute. Council exercised reasonable professional trial conduct. The motion court did not clearly err in denying postconviction relief without an evidentiary hearing. Point denied.

In his first point, Defendant argues the motion court clearly erred in denying postconviction relief because a review of the record leaves a definite and firm impression that he was denied effective assistance of counsel in that trial counsel failed to act as a reasonably competent attorney would act under the same or similar circumstances. Defendant claims he was prejudiced because the jury considered inadmissible evidence in determining its verdict. Defendant again relies on *Burns* to allege trial counsel was ineffective in failing to object to A.M.'s testimony of uncharged acts. For the reasons previously stated, the failure to object was not ineffective assistance of counsel. Point Denied.

Denial of Defendant's Rule 29.15 relief is affirmed.

WILLIAM H. CRANDALL, Jr., Judge, and CLIFFORD H. AHRENS, Judge, concur.