v.

**THE GANNON MANAGEMENT COMPANY OF MISSOURI, Defendant–Appellant.**

No. 75358.

Missouri Court of Appeals, Eastern District, Division Three.

July 27, 1999.

**STATE of Missouri, Respondent,**

v.

**Andre CARTER, Appellant.**

No. WD 56031.

Missouri Court of Appeals, Western District.

July 27, 1999.

Terry L. Pabst, St. Louis, for appellant.

Edward Julius Miller, Jr., St. Louis, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, and LAWRENCE E. MOONEY, JJ.

## ORDER

John Munson Morris III, Attorney General, Carter Andre, Asst. Attorney General, Jefferson City, for Respondent.

Rosemary Ellen McGonagle Percival, Public Defender, Kansas City, for Appellant.

Before BRECKENRIDGE, C.J., HANNA and ELLIS, JJ.

PATRICIA BRECKENRIDGE, Chief Judge.

A jury convicted Andre Carter of one count of statutory sodomy in the first degree, § 566.062, RSMo 1994.[1] The trial court sentenced Mr. Carter as a prior offender under §§ 557.036, and 558.016, and as a persistent sexual offender under §§ 557.036 and 558.018, to thirty years imprisonment. On appeal, Mr. Carter contends that the trial court erred in allowing the admission of evidence of his prior convictions for rape, sodomy, and two counts of sexual abuse in the first degree, which the State used, pursuant to § 566.025, to argue Mr. Carter's propensity to commit sex crimes against children. Mr. Carter also contends that the trial court erred in refusing to allow him to introduce evidence that the victim had motivation to falsely accuse him of the crime. Because the Missouri Supreme Court has declared the admission of evidence of prior convictions, pursuant to § 566.025, unconstitutional in cases where such evidence is presented while guilt remains undecided, the judgment of the trial court is reversed and the cause is remanded for a new trial.

In August of 1996, the thirteen-year-old victim in this case and his nine-year-old brother were staying with their aunt. Mr. Carter, their aunt's boyfriend, agreed to babysit the boys for three days. The victim alleged that on the second day, August 27, 1996, Mr. Carter sodomized him. The grand jury indicted Mr. Carter for the felony of statutory sodomy in the first degree in violation of § 566.062. Mr. Carter was later charged by information in lieu of indictment as a prior offender under §§ 557.036 and 558.016, and as a persistent sexual offender under §§ 557.036 and 558.018.

Trial was held on March 10 and 11, 1998. Prior to trial, Mr. Carter filed a motion to exclude evidence of his prior convictions and sentences. In 1989, Mr. Carter had been convicted, after a guilty plea, of one count of rape, one count of sodomy, and two counts of sexual abuse in the first degree. Mr. Carter was sentenced to four consecutive sentences of five years each, but execution of the sentences was suspended and he was placed on probation for five years with special conditions. Pursuant to those conditions, he was to undergo sex abuse counseling, and was to have no contact with the victim or the victim's mother except with the mother's consent. The trial court denied Mr. Carter's motion to exclude evidence of these convictions and sentences on the basis that § 566.025 allows the State to present evidence that the defendant has committed other crimes involving victims under the age of 14. Specifically, § 566.025 provides as follows:

> In prosecutions under chapter 566 or 568 involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence involves acts that occurred within ten

1. All statutory references are to the Revised Statutes of Missouri 1994.

years before or after the act or acts for which the defendant is being tried.

At trial, the State mentioned Mr. Carter's prior convictions in its opening statement. As part of its case-in-chief, the State offered as an exhibit a copy of the judgment relating to Mr. Carter's prior convictions and sentences. The trial judge admitted the exhibit over Mr. Carter's objection. Later, as part of his defense, Mr. Carter offered the testimony of his pastor, who made brief references to Mr. Carter's prior convictions and sentences. Mr. Carter also testified. On cross-examination, Mr. Carter admitted to his prior convictions and sentences, and testified that if he was guilty of this offense, he would have pled guilty like he had done in the past.

In closing argument, the prosecutor argued to the jury that it could "consider the fact that this man has been convicted of sex crimes against children in 1989 as evidence of his guilt." Mr. Carter's counsel then argued that if Mr. Carter was guilty of this offense, he would have pled guilty like he had done the last time. In its rebuttal argument, the State argued, "And you can consider his conviction for his propensity to commit crimes against children, but you can also consider it for his credibility. Do you believe a convicted felon, a four-time convicted felon?"

During its deliberations, the jury sent several questions to the judge regarding Mr. Carter's prior convictions. The jurors asked for the age and sex of the victim from the prior convictions, which the judge declined to provide. The jurors also asked for the "document" on Mr. Carter's prior convictions, which the judge gave them. Later, the jurors asked the judge whether the victim's aunt knew of Mr. Carter's prior convictions. The judge declined to answer the last question. The jury found Mr. Carter guilty of statutory sodomy, and the court sentenced him to thirty years imprisonment. This appeal followed.

On appeal, Mr. Carter contends, and the State concedes, that the trial court erred in admitting his prior convictions pursuant to § 566.025 and allowing the State to use the evidence to demonstrate his propensity to commit sex crimes against children. Mr. Carter argues that because evidence of his prior convictions was introduced and used solely for the purpose of demonstrating his propensity to commit sex crimes against children, he was denied his rights to due process and to a fair trial, as guaranteed by the Fifth, Sixth, and Fourteenth amendments to the United States Constitution and Article I, Sections 10, 17 and 18(a) of the Missouri Constitution.

In October of 1998, after Mr. Carter was tried and sentenced, the Missouri Supreme Court found § 566.025 unconstitutional in *State v. Burns,* 978 S.W.2d 759, 762 (Mo. banc 1998). The Court found that while evidence of a defendant's prior misconduct is admissible in certain circumstances if it is logically and legally relevant, § 566.025 *requires* its admission, without regard to its logical and legal relevance, for the improper purpose of showing the defendant's propensity to commit crimes. *Id.* at 761. The Missouri Constitution guarantees a defendant's right to be tried only for the offense charged, *Id.* at 760, and "[w]hen evidence of uncharged misconduct is introduced to show the defendant's propensity to commit such crimes, the jury may improperly convict the defendant because of his propensity to commit such crimes without regard to whether he is actually guilty of the charged crime." *Id.* at 761. Therefore, § 566.025 violates the Missouri Constitution in cases where evidence of the defendant's prior misconduct is presented while the issue of the defendant's guilt for the charged crime remains undecided. *Id.* at 762.

In this case, the trial court specifically said that it was admitting the evidence of Mr. Carter's prior convictions and sentences pursuant to § 566.025, and Mr. Carter's prior convictions were used by the State to demonstrate his propensity to commit sex crimes against children. Although not decisive, the questions asked

by the jury during its deliberations indicate that Mr. Carter's prior convictions played a significant role in its guilty verdict. In light of the Supreme Court's holding in *Burns* that the admission of prior misconduct evidence pursuant to § 566.025 is unconstitutional when such evidence is presented while a defendant's guilt for the offense charged remains undecided, Mr. Carter's conviction and sentence cannot stand, and he is entitled to a new trial.

This issue is dispositive of the appeal. Mr. Carter's remaining point on appeal, the admissibility of the victim's motivation to falsely accuse him, is a matter within the trial court's discretion. *State v. Simmons*, 944 S.W.2d 165, 178 (Mo. banc), *cert. denied*, —— U.S. ——, 118 S.Ct. 376, 139 L.Ed.2d 293 (1997). As the trial court's exercise of its discretion in determining whether to admit evidence hinges in part upon the circumstances at trial under which the evidence is presented, this court declines to address this allegation of trial court error.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

All concur.