919 N.E.2d 501 (2009)
The PEOPLE of the State of Illinois, Plaintiff-Appellee,
v.
Gregory DABBS, Defendant-Appellant.
No. 08-CF-244.
Appellate Court of Illinois, Third District.
December 2, 2009.
*502 Michelle A. Zalisko, Assistant Defender Office of the State Appellate Defender, Mt. Vernon, IL, for Appellant.
Terry A. Mertel, Deputy Director State's Attorneys Appellate Prosecutor, Judith Z. Kelly, State's Attorneys Appellate Prosecutor, Ottawa, IL, Stewart Umholtz, State's Attorney, Pekin, IL, for Appellee.
Justice LYTTON delivered the opinion of the court:
Defendant was charged with domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2006)) against his girlfriend. At trial, defendant's ex-wife testified that defendant had physically abused her prior to their marriage. The jury found defendant guilty. Defendant appeals, arguing that section 115-7.4 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-7.4 (West.Supp.2007)), which allows prior acts of domestic battery to be admissible in a domestic battery trial, is unconstitutional. We affirm.
In April 2008, defendant, Gregory Dabbs, was charged with domestic battery and unlawful restraint against his girlfriend, Amy DeWeese. Prior to trial, the State moved to admit evidence, pursuant to section 115-7.4 of the Code, establishing that defendant committed a prior act of domestic violence against his ex-wife, Katie Bailey, five years earlier. A hearing was held, and Bailey testified that three months before she married defendant, he was drunk, hit her, called her names and threatened her. The court ruled that the State could present Bailey's testimony at defendant's trial.
Defendant filed a pretrial motion, arguing that DeWeese was not competent to testify because she suffered from a mental illness. The trial court ruled that DeWeese was competent to testify but that defendant could cross-examine her regarding her mental health history.
At defendant's trial, DeWeese testified that she dated defendant for about three years before she moved in with him in February of 2008. She admitted that she has suffered from mental health problems and has been diagnosed with delusional disorder, bipolar disorder and borderline personality disorder. She said that her mental condition did not interfere with her ability to testify truthfully.
She testified that at about 10 p.m. on April 26, 2008, she went to the video store with defendant. When they returned home, she went to bed. According to DeWeese, defendant drank an entire case of beer that night.
Between midnight and 1 a.m. on Sunday, April 27, 2008, defendant woke DeWeese up by sitting on her chest and putting his *503 knees on her arms. He shouted at her, called her names, pulled her hair and said he wanted to kill her. He then poured water in her face, grabbed her hair and dragged her into the bathroom. He pushed her head into the toilet, causing her to hit her head on the toilet rim. After that, defendant calmed down, and DeWeese talked to him. The next morning, DeWeese and defendant went out to breakfast and remained home until that evening when DeWeese went to visit her children at her ex-husband's house. The following day, DeWeese went to work, school and then the police station.
Brian Scudder, a police officer, testified that he interviewed DeWeese at about 8 p.m. on April 28, 2008. She told him that her boyfriend "battered" her and threatened to kill her at 1 a.m. on Sunday morning. She said she could not report the incident sooner because defendant would not let her leave the house. Scudder said that DeWeese appeared "distraught, quite shaken up and nervous" and had a black eye and bruises on her arms.
After receiving DeWeese's report, Scudder went to defendant's house. Defendant first stated that nothing happened over the weekend. When questioned further, he stated that he had an argument with DeWeese, during which she became "hysterical." Defendant said he had to restrain DeWeese, which is probably why her arms were bruised.
Katie Bailey testified that she married defendant in May of 2003 and divorced him in 2008. She testified that in February of 2003, defendant became very drunk and repeatedly hit her with a belt. Bailey got away from defendant and drove to the police station. Defendant was arrested.
Defendant admitted that he hit Bailey with a belt repeatedly in 2003, explaining that he was "really drunk" at the time. Defendant then testified about DeWeese, saying she had a history of mental problems and frequently talked to people who were not there. She believed that her doctors wanted to kill her and that someone implanted a device in her brain. Defendant thought she was delusional.
According to defendant, he and DeWeese went to the video store between 9:30 and 10 p.m. on April 26, 2008. When they returned home, DeWeese went to sleep, while defendant watched movies and drank about six beers. The next morning, DeWeese and defendant went out for breakfast and then came home. That evening, DeWeese went to her ex-husband's house to see her children. When she came home, she was crying and told defendant that her ex-husband hit her. DeWeese went into her bedroom and did not come out the rest of the night.
The next day, defendant went to work as usual. Officer Scudder came to his house at about 8 p.m. that night. Defendant told Scudder that he and DeWeese argued on Saturday night about money. He denied telling Scudder that he had to grab DeWeese to calm her down.
The jury found defendant guilty of domestic battery. The trial court sentenced defendant to three years in prison.

ANALYSIS
Statutes are presumed constitutional. People v. Donoho, 204 Ill.2d 159, 177, 273 Ill.Dec. 116, 788 N.E.2d 707, 718 (2003). The party challenging a statute's constitutionality carries the burden of establishing that the statute is unconstitutional. Donoho, 204 Ill.2d at 177, 273 Ill. Dec. 116, 788 N.E.2d at 718. If reasonably possible, a court will affirm the constitutionality of a statute. Donoho, 204 Ill.2d at 177, 273 Ill.Dec. 116, 788 N.E.2d at 719. Where no suspect class or fundamental right is involved, the court evaluates the *504 statute using a rational basis test, under which we will uphold the statute if it has a rational relationship to a legitimate purpose and is neither arbitrary nor discriminatory. Donoho, 204 Ill.2d at 177, 273 Ill.Dec. 116, 788 N.E.2d at 719.
In 2007, the Illinois General Assembly passed Public Act 95-360 (Pub. Act 95-360, eff. August 23, 2007 (adding 725 ILCS 5/115-7.4)), which created section 115-7.4 of the Code. The bill was "modeled on the current treatment of evidence in cases of criminal sexual assault" set forth in section 115-7.3 of the Code (725 ILCS 5/115-7.3 (West 2006)). 95th Ill. Gen. Assem., Senate Proceedings, May 28, 2007, at 47 (statements of Senator Harmon). It was created as a tool for law enforcement and victims because "domestic violence is a recurring crime in the same way that sexual abuse and sexual assault is." 95th Ill. Gen. Assem., House Proceedings, April 25, 2007, at 46 (statements of Representative Gordon). Several other states have enacted similar laws (see Alaska R. of Evid. 404(b)(4); Cal. Evid.Code § 1109 (West 2006); Mich. Comp. Laws § 768.27b(1) (2006)), all of which have been found constitutional. See People v. Schultz, 278 Mich.App. 776, 754 N.W.2d 925 (2008); Fuzzard v. State, 13 P.3d 1163 (Alaska App.2000); People v. Jennings, 81 Cal. App.4th 1301, 97 Cal.Rptr.2d 727 (2000).
Section 115-7.4 of the Code is nearly identical to section 115-7.3 of the Code. The only major difference between the statutes is the crime involved: section 115-7.3 deals with prior incidents of sexual abuse, while section 115-7.4 covers prior incidents of domestic violence. See 725 ILCS 5/115-7.3(b) (West 2006); 725 ILCS 5/115-7.4(a) (West Supp.2007). Both statutes provide that evidence that the defendant committed these prior crimes can be "admissible, and may be considered for its bearing on any matter to which it is relevant." See 725 ILCS 5/115-7.3(b) (West 2006); 725 ILCS 5/115-7.4(a) (West Supp. 2007)).[1] They also state:
"In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:
(1) the proximity in time to the charged or predicate offense;
(2) the degree of factual similarity to the charged or predicate offense; or
(3) other relevant facts and circumstances." 725 ILCS 5/115-7.3(c) (West 2006); 725 ILCS 5/115-7.4(b) (West Supp.2007)."
Both statutes also require that the prosecution give notice to the defendant of its intent to offer such evidence and identifies the kinds of proof that may be offered. See 725 ILCS 5/115-7.3 (d), (f) (West 2006); 725 ILCS 5/115-7.4(c), (d) (West Supp.2007).
Defendant argues that section 115-7.4 violates his due process and equal protection rights guaranteed to him by the United States and Illinois Constitutions. U.S. Const., amends. V, XIV; Ill. Const.1970, art. I, § 2. However, two courts have examined the constitutionality of section *505 115-7.3 of the Code, and both found it constitutional. See Donoho, 204 Ill.2d 159, 273 Ill.Dec. 116, 788 N.E.2d 707; People v. Beaty, 377 Ill.App.3d 861, 316 Ill.Dec. 759, 880 N.E.2d 237 (2007).

I. Equal Protection
In Donoho, our supreme court held that section 115-7.3 of the Code does not violate the equal protection clause. Donoho, 204 Ill.2d at 177, 273 Ill.Dec. 116, 788 N.E.2d at 718; see also Beaty, 377 Ill. App.3d at 883, 316 Ill.Dec. 759, 880 N.E.2d at 254 ("[B]ased on Donoho, any challenge to section 115-7.3 on equal protection grounds must fail"). The court explained that section 115-7.3 is modeled after Federal Evidence Rules 413 and 414. Donoho, 204 Ill.2d at 177, 273 Ill.Dec. 116, 788 N.E.2d at 719. The Donoho court ruled that, like Rules 413 and 414, section 115-7.3 only had to pass the rational basis test because "[s]exual offense defendants are not a suspect class." Donoho, 204 Ill.2d at 177, 273 Ill.Dec. 116, 788 N.E.2d at 718. The court then cited two federal cases holding that Federal Rules of Evidence 413 and 414 pass the rational basis test. Donoho, 204 Ill.2d at 177-78, 273 Ill.Dec. 116, 788 N.E.2d at 719, citing United States v. Mound, 149 F.3d 799 (8th Cir. 1998), and United States v. Castillo, 140 F.3d 874 (10th Cir.1998). The Donoho court concluded:
"Under Mound and Castillo, we find that section 115-7.3 does not violate the federal equal protection clause. We agree that this provision passes the rational basis test because it also promotes effective prosecution of sex offenses and strengthens evidence in sexual abuse cases. Because we apply the same equal protection analysis under both the federal and state constitutions [citation], we also find that section 115-7.3 does not violate our state equal protection clause." Donoho, 204 Ill.2d at 178, 273 Ill.Dec. 116, 788 N.E.2d at 719.
Just as section 115-7.3 has been found not to violate a defendant's equal protection rights, so must section 115-7.4. Like sex offenders, domestic violence defendants are not a suspect class under the equal protection clause of the Constitution. See United States v. Barnes, 295 F.3d 1354, 1368 (D.C.Cir.2002). Thus, section 115-7.4 only has to pass the rational basis test to withstand an equal protection challenge. See Donoho, 204 Ill.2d at 177, 273 Ill.Dec. 116, 788 N.E.2d at 718. Like sexual abuse, domestic violence is generally a repetitive and secretive crime that is highly unreported and typically becomes a credibility contest between the alleged abuser and victim. See Jennings, 81 Cal. App.4th at 1313, 97 Cal.Rptr.2d at 737. Section 115-7.4 attempts to address the difficulties of proof unique to the prosecution of domestic violence crimes by strengthening the evidence in such cases and promoting the prosecution of such cases. These are sufficiently rational bases for section 115-7.4.

II. Due Process
Although the defendant in Donoho did not argue that section 115-7.3 of the Code violated due process, the court did address the question. In dicta, the court stated:
"[C]ourts have held that admitting other-crimes evidence does not implicate the due process right to a fair trial where the evidence is relevant and its probative value is not outweighed by its prejudicial effect [citation]; these two limitations are incorporated into section 115-7.3." Donoho, 204 Ill.2d at 177, 273 Ill.Dec. 116, 788 N.E.2d at 718.
Though not strictly precedent, we accept and follow our supreme court's analysis of the due process issue.
In Beaty, the Fifth District also followed this reasoning, finding that section 115-7.3 *506 does not violate a defendant's due process rights. Beaty noted that section 115-7.3 was modeled after Federal Rules of Evidence 413 and 414. Beaty, 377 Ill.App.3d at 884, 316 Ill.Dec. 759, 880 N.E.2d at 255. Those rules do not violate due process as long as trial judges are required to weigh the probative value versus prejudicial effect of the evidence so that they retain the authority to exclude potentially devastating evidence. See United States v. LeMay, 260 F.3d 1018, 1027 (9th Cir.2001); United States v. Enjady, 134 F.3d 1427, 1430-35 (10th Cir.1998). The Beaty court then said:
"[F]or the same reasons that Rules 413 and 414 [citation] are constitutional on their face, so, too, is section 115-7.3, and as long as the trial court properly balances the probative value of the evidence against its prejudicial effect * * *, the admission of the evidence does not violate due process." Beaty, 377 Ill.App.3d at 884, 316 Ill.Dec. 759, 880 N.E.2d at 255.
Like section 115-7.3, section 115-7.4 does not deny defendants due process. Section 115-7.4 requires the trial court to determine that other-crimes evidence is relevant and that its probative value outweighs its prejudicial effect before allowing it to be admitted at trial. Section 115-7.4 also incorporates a notice requirement to ensure that defendants are informed when a prosecutor intends to use other-crimes evidence. Because of these safeguards, section 115-7.4 does not violate defendant's due process. See Donoho, 204 Ill.2d at 181-82, 273 Ill.Dec. 116, 788 N.E.2d at 721; Beaty, 377 Ill.App.3d at 884, 316 Ill.Dec. 759, 880 N.E.2d at 255.

CONCLUSION
The judgment of the circuit court of Tazewell County is affirmed.
Affirmed.
WRIGHT, J., concurring.
McDADE, J., dissenting.
Justice McDADE, dissenting:
The majority has affirmed the circuit court of Tazewell County's order convicting defendant following a jury finding that the State proved him guilty of domestic battery beyond a reasonable doubt. In its effort to prove defendant's guilt the State submitted evidence pursuant to section 115-7.4 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-7.4 (West 2004)) "establishing that defendant committed a prior act of domestic violence against his ex-wife Katie Bailey, five years earlier." 335 Ill.Dec. at 783, 919 N.E.2d at 502. The majority has rejected defendant's request that this court overturn his conviction on the grounds the admission of evidence pursuant to section 115-7.4 of the Code "violates his due process and equal protection rights." 335 Ill.Dec. at 785, 919 N.E.2d at 504. The majority has concluded that section 115-7.4 does not violate a defendant's equal protection rights because it has a sufficiently rational basis to pass the equal protection test under the federal and state constitutions. 335 Ill. Dec. at 786, 919 N.E.2d at 505.
The majority finds that the statute passes the equal protection test because it "attempts to address the difficulties of proof unique to the prosecution of domestic violence crimes by strengthening the evidence in such cases" and "[t]hese are sufficiently rational bases for section 115-7.4." 335 Ill.Dec. at 786, 919 N.E.2d at 505. The majority has also concluded that, "[l]ike section 115-7.3, section 115-7.4 does not deny defendants due process" (335 Ill. Dec. at 787, 919 N.E.2d at 506) because it "requires the trial court to determine that other-crimes evidence is relevant and that *507 its probative value outweighs its prejudicial effect before allowing it to be admitted at trial" (335 Ill.Dec. at 787, 919 N.E.2d at 506). The majority relies heavily on the fact that section 115-7.4 is "nearly identical" to section 115-7.3 of the Code, "two courts have examined the constitutionality of section 115-7.3 * * *, and both found [section 115-7.3] constitutional" (335 Ill. Dec. at 785-86, 919 N.E.2d at 504-05). The majority reasons that "section 115-7.3 has been found not to violate a defendant's equal protection rights" (335 Ill.Dec. at 786, 919 N.E.2d at 505) and, therefore, "so must section 115-7.4" (335 Ill.Dec. at 786, 919 N.E.2d at 505).
The majority's analysis comparing sections 115-7.3 and 115-7.4, to determine the constitutionality of section 115-7.4, does not support its judgment. First, the majority acknowledges that, in People v. Beaty, 377 Ill.App.3d 861, 316 Ill.Dec. 759, 880 N.E.2d 237 (2007), the Fifth District noted that section 115-7.3 was modeled after Federal Rules of Evidence 413 and 414, and "[t]hose rules do not violate due process as long as trial judges are required to weigh the probative value versus prejudicial effect of the evidence so that they retain the authority to exclude potentially devastating evidence." 335 Ill.Dec. at 787, 919 N.E.2d at 506, citing Beaty, 377 Ill. App.3d at 884, 316 Ill.Dec. 759, 880 N.E.2d at 255. Beaty followed our supreme court's holding in People v. Donoho, 204 Ill.2d 159, 177, 273 Ill.Dec. 116, 788 N.E.2d 707, 718 (2003), and held that, "for the same reasons that Rules 413 and 414 [citation] are constitutional[,] * * * so, too, is section 115-7.3." 335 Ill.Dec. at 787, 919 N.E.2d at 506, quoting Beaty, 377 Ill. App.3d at 884, 316 Ill.Dec. 759, 880 N.E.2d at 255.
As I will explain below, the requirement in the language of section 115-7.3, that the trial court determine whether the probative value of section 115-7.3 evidence outweighs its prejudicial effect, is the lynchpin of section 115-7.3's constitutionality. But the majority's conclusion that both sections 115-7.3 and 115-7.4 "require[] the trial court to determine that other-crimes evidence is relevant and that its probative value outweighs its prejudicial effect before allowing it to be admitted at trial" (335 Ill.Dec. at 787, 919 N.E.2d at 506) is simply not true. For that reason, I would find that section 115-7.4 is not constitutional.
A careful reading of the Donoho court's decision regarding section 115-7.3 should result in finding that (a) neither Donoho nor, consequently, Beaty controls the outcome of this case, and (b) section 115-7.4 violates due process. An understanding of how the Donoho court reached its holding that section 115-7.3 is constitutional is required to understand that Donoho does not control the outcome in this case. In sum, Donoho is not controlling because the factors the Donoho court used to distinguish the Missouri Supreme Court's holding striking down a similar statute, and the factors our supreme court relied on to follow the California Supreme Court upholding its propensity statute, are different in sections 115-7.3 and 115-7.4.
The defendant in Donoho argued that section 115-7.3 violates article I, sections 7 and 8, of the Illinois Constitution, and that the Missouri Supreme Court invalidated a statutory provision that permitted admission of other-crimes evidence to show propensity[2] under similar state constitutional *508 provisions. Donoho, 204 Ill.2d at 178, 273 Ill.Dec. 116, 788 N.E.2d at 719. The Donoho court recognized that, in State v. Burns, 978 S.W.2d 759 (Mo.1998), the Missouri Supreme Court had invalidated a comparable statute because admission of other-crimes evidence in the manner permitted under the Missouri statute violated defendants' right to be tried only for the charged offense. Donoho, 204 Ill.2d at 178-79, 273 Ill.Dec. 116, 788 N.E.2d at 719.
Our supreme court found that Burns was distinguishable based on "two important differences" in the Illinois statute and the Missouri statute. Donoho, 204 Ill.2d at 179, 273 Ill.Dec. 116, 788 N.E.2d at 720. The difference between the statutes that our supreme court relied on to distinguish Burns that is relevant to this court's analysis of the constitutionality of section 115-7.4 is that, "the Missouri statute lacks limitations and protections incorporated in" section 115-7.3 of the Code. Donoho, 204 Ill.2d at 179, 273 Ill.Dec. 116, 788 N.E.2d at 720.
"The Missouri Supreme Court criticized the statute because it lacked a requirement that other-crimes evidence be relevant to the present case and because its use of the word `shall' reveals that admission of such evidence is mandatory." Donoho, 204 Ill.2d at 179-80, 273 Ill.Dec. 116, 788 N.E.2d at 720. Comparing the two statutes, our supreme court concluded that "[n]either concern is present in the Illinois statute." The court found that section 115-7.3 does not raise the same concerns the Missouri Supreme Court relied on to invalidate their statute because section 115-7.3 specifies that other-crimes evidence "may be considered for its bearing on any matter to which it is relevant" (emphasis added) (725 ILCS 5/115-7.3(b) (West 2000)), and such evidence "may" be admissible only after the court considers whether its probative value outweighs its prejudicial effect (725 ILCS 5/115-7.3(b), (c)) (West 2000)). Donoho, 204 Ill.2d at 180, 273 Ill.Dec. 116, 788 N.E.2d at 720.
Our supreme court found "more instructive evaluation of this issue in California." Donoho, 204 Ill.2d at 180, 273 Ill.Dec. 116, 788 N.E.2d at 720. The court relied on the Supreme Court of California's decision construing its propensity statute[3] based on its finding that, "[a]lthough the precise language of the California provision is different, it is substantively similar to section 115-7.3." Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 721.
After comparing section 115-7.3 to the California statute, the Donoho court found that

*509 "[b]oth provisions: require the court to weigh prejudice versus probative value ([citations]); require the court to determine whether the evidence is relevant ([citations]); do not make admission of such evidence mandatory ([citations]); require notice to the other party ([citations]); and note that other evidentiary rules are still in force ([citations])." Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 721.
After noting the similarities in the statutes, our supreme court found that California held that its statute does not violate due process because the court must exclude other-crimes evidence if its prejudicial effect outweighs its probative value. Moreover, our court noted that the California court distinguished Burns because the Missouri statute did not give Missouri courts the ability to exclude other-crimes evidence that was too prejudicial. Donoho, 204 Ill.2d at 181-82, 273 Ill.Dec. 116, 788 N.E.2d at 721. Our court concluded that "[s]ection 115-7.3 is more similar to the California statute than the Missouri statute." Donoho, 204 Ill.2d at 181-82, 273 Ill.Dec. 116, 788 N.E.2d at 721. On that basis, the court found section 115-7.3 is constitutional. Donoho, 204 Ill.2d at 181-82, 273 Ill.Dec. 116, 788 N.E.2d at 721.
This reading of Donoho teaches that the limitation on the admissibility of the evidence contained in the language of the statute itself, rather than by another rule of evidence, is the foundation for the statute's constitutionality. Notably, our supreme court distinguished Burns because the Missouri statute's "use of the word `shall' reveals that admission of such evidence is mandatory" while in Illinois such evidence only "may" be admissible under section 115-7.3. Donoho, 204 Ill.2d at 180, 273 Ill.Dec. 116, 788 N.E.2d at 720. Our court noted that the California court similarly "distinguished Burns because the Missouri statute did not give Missouri courts the ability to exclude other-crimes evidence that was too prejudicial." (Emphasis added.) Donoho, 204 Ill.2d at 182, 273 Ill.Dec. 116, 788 N.E.2d at 721. By contrast, the California and Illinois statutes analyzed in those cases both "require the court to weigh prejudice versus probative value" and "do not make admission of such evidence mandatory." (Emphasis added.) Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 721.
The Donoho court spelled out the specific language in section 115-7.3 that it looked to determine that "none of the * * * reasons the Missouri Supreme Court found supported invalidating its statute are present here." Donoho, 204 Ill.2d at 180, 273 Ill.Dec. 116, 788 N.E.2d at 720. The court wrote that
"[n]either concern is present in the Illinois statute. Section 115-7.3 specifies that other-crimes evidence `may be considered for its bearing on any matter to which it is relevant.' 725 ILCS 5/115-7.3(b) (West 2000). In addition, such evidence `may' be admissible after the court considers whether its probative value outweighs its prejudicial effect." 725 ILCS 5/115-7.3(b), (c)) (West 2000). Donoho, 204 Ill.2d at 180, 273 Ill.Dec. 116, 788 N.E.2d at 720.
Here is where an analysis of section 115-7.4 diverges from the court's holding in Donoho. The Donoho court clearly relied on the limiting language in section 115-7.3 to find that the statute does not violate due process. Simply put, the same limiting language is not present in section 115-7.4. Both sections state that propensity evidence "may be considered for its bearing on any matter to which it is relevant." But whereas section 115-7.3 precedes that directive by stating that such evidence "may be admissible [if such evidence is otherwise admissible]" (emphasis *510 added) (725 ILCS 5/115-7.3(b) (West 2006)), section 115-7.4 contains no similar language limiting the admissibility of propensity evidence. Rather, section 115-7.4 precedes its directive concerning the admissibility of propensity evidence by stating that "evidence of the defendant's commission of another offense * * * of domestic violence is admissible." (Emphasis added.) 725 ILCS 5/115-7.4 (West 2006).
Section 115-7.4, stating that propensity evidence is admissible, is more like the language in the Missouri statute stating that such evidence "shall be admissible." The mandatory language in the Missouri statute was part of the Missouri court's criticism of its own statute because "use of the word `shall' reveals that admission of such evidence is mandatory." In following the California court in upholding section 115-7.3, our supreme court relied in part on the fact that neither the California or Illinois statutes make admission of propensity evidence mandatory. Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 721. The language of section 115-7.4, like the Missouri statute, reveals that admission of evidence of the defendant's commission of another offense of domestic violence is mandatory.
I do not find the fact that the plain language of the statute makes the admission of such evidence mandatory to be the only infirmity in the statute as the majority suggests. Section 115-7.4 does list factors the court is to consider "[i]n weighing the probative value of the evidence against undue prejudice to the defendant." 725 ILCS 5/115-7.4. However, that language only implies that the court should weigh the probative value of the propensity evidence against its prejudicial effect before admitting the evidence. However, section 115-7.4 does not require the court to determine that the prejudicial effect of the evidence does not outweigh its probative value before it determines that the evidence is admissible. Regardless of the interpretations we may ascribe to the language the legislature chose to employ, the plain language of the statute, from which we may not depart absent an ambiguity (People v. Collins, 214 Ill.2d 206, 214, 291 Ill.Dec. 686, 824 N.E.2d 262, 266 (2005) ("Where the language is plain and unambiguous we must apply the statute without resort to further aids of statutory construction")), (a rule the majority seems to ignore) states only that the court "may consider" (emphasis added) "the probative value of the evidence against undue prejudice to the defendant" (725 ILCS 5/115-7.4 (West 2008)).
The first, and, I would find, fatal, flaw in the statute is that it does not give the court the power to determine whether or not the evidence is admissible. The first paragraph of section 115-7.4 states explicitly that the propensity evidence is admissible. The second is that it is not enough that the statute merely lists factors a court might consider should it choose to engage in the balancing test. Our supreme court noted that both the California and Illinois statutes that were found constitutional "require the court to weigh prejudice versus probative value." (Emphasis added.) Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 721. Nothing in section 115-7.4 requires the court to engage in the balancing test. The statute provides no direction should the court determine that the probative value of the evidence is outweighed by its prejudicial effect since, under the statute, the evidence is admissible (725 ILCS 5/115-7.4(a) (West 2006)) without reference to the balancing test (725 ILCS 5/115-7.4(b) (West 2006)). Cf. Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 721 (under California propensity statute "court must exclude other-crimes evidence if its prejudicial effect out-weighs *511 its probative value") (emphasis added).
Section 115-7.4 suffers the same infirmity noted in California and Illinois: the statute makes admission of propensity evidence mandatory and does not contain the same safeguards of defendants' rights as those relied on by the Donoho court to find that section 115-7.3 does not violate due process. Section 115-7.4 does not require the court to weigh prejudice versus probative value, does not require the court to determine whether the evidence is relevant as a prerequisite to admissibility, does not note that the other evidentiary rules are still in force, and makes admission of propensity evidence mandatory in domestic violence cases. Cf. Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 721. "`[A] court should not attempt to read a statute other than in the manner in which it was written.' [Citation.]" Rosewood Care Center, Inc. v. Caterpillar, Inc., 226 Ill.2d 559, 567, 315 Ill.Dec. 762, 877 N.E.2d 1091, 1096 (2007). Therefore, Donoho is distinguishable and does not control this court's judgment.
In my opinion, the supreme court's reasoning in Donoho evaluating the constitutionality of section 115-7.3 results in an opposite conclusion when applied to section 115-7.4. The rule against interpreting a statute such as to render the remainder of the statute meaningless and superfluous applies only when the court must interpret the statute because of an ambiguity. "Where the language is clear and unambiguous, the statute must be applied without further aids of statutory construction." People v. Hart, 313 Ill.App.3d 939, 941, 246 Ill.Dec. 737, 730 N.E.2d 1202, 1204 (2000), citing People v. Robinson, 172 Ill.2d 452, 457, 217 Ill.Dec. 729, 667 N.E.2d 1305, 1307 (1996). Otherwise, we are constrained to apply the statute "given its plain and ordinary meaning." People v. Howard, 374 Ill.App.3d 705, 710, 312 Ill. Dec. 515, 870 N.E.2d 959, 964 (2007), citing People v. Hari, 218 Ill.2d 275, 292, 300 Ill.Dec. 91, 843 N.E.2d 349, 359 (2006).
Here, the plain language of the statute is clear and unambiguous, and the majority's attempt to ascribe a different meaning to the statute is inappropriate. Based on the foregoing analysis and conclusion that section 115-7.4 violates defendants' right to due process under our supreme court's judgment in Donoho, it is not necessary to reach defendant's alternative argument that section 115-7.4 violates equal protection. Defendant argues that section 115-7.4 violates equal protection because it unconstitutionally treats criminal defendants and witnesses in criminal trials dissimilarly, treats domestic violence defendants and other criminal defendants dissimilarly, and treats criminal defendants and the State dissimilarly.
I note that the supreme court considered an equal protection challenge to section 115-7.3 and held that a statute admitting other-crimes evidence does not violate the federal or Illinois guarantees of equal protection if the statute is otherwise constitutional. The court held that the admission of other-crimes evidence in a manner consistent with due process bears a rational relationship to a legitimate state purpose, and such statutes are neither arbitrary or discriminatory. Donoho, 204 Ill.2d at 178, 273 Ill.Dec. 116, 788 N.E.2d at 719. Specifically, with regard to section 115-7.3, the court wrote as follows:
"[S]ection 115-7.3 allows the admission of other-crimes evidence to show propensity if the evidence is relevant and passes the prejudice/probative test. Under Mound and Castillo, we find that section 115-7.3 does not violate the federal equal protection clause. We agree that this provision passes the rational basis test because it also promotes effective *512 prosecution of sex offenses and strengthens evidence in sexual abuse cases. Because we apply the same equal protection analysis under both the federal and state constitutions (Reed, 148 Ill.2d at 7, 169 Ill.Dec. 282, 591 N.E.2d 455), we also find that section 115-7.3 does not violate our state equal protection clause." Donoho, 204 Ill.2d at 178, 273 Ill.Dec. 116, 788 N.E.2d at 719.
However, I find that section 115-7.4 violates defendants' right to a fair trial under the due process clause. Accordingly, I would also find that the statute violates equal protection principles.
"Courts generally prohibit the admission of [propensity] evidence to protect against the jury convicting a defendant because he or she is a bad person deserving punishment. [Citation.] Defendant is entitled to have his guilt or innocence evaluated solely on the basis of the charged crime. * * * [T]he court * * * can exclude it if the prejudicial effect of the evidence substantially outweighs its probative value." Donoho, 204 Ill.2d at 170, 273 Ill.Dec. 116, 788 N.E.2d at 714-15.
"`The key to balancing the probative value of other crimes evidence to prove propensity against its possible prejudicial effect is to avoid admitting evidence that entices a jury to find defendant guilty `only because it feels he is a bad person deserving punishment.' [Citation.]" People v. Johnson, 389 Ill. App.3d 618, 622-23, 329 Ill.Dec. 225, 906 N.E.2d 70, 75 (2009).
Section 115-7.4 substantially increases the likelihood of conviction based on something other than proof beyond a reasonable doubt of the crime charged. Section 115-7.4 violates defendants' right to due process because it, unlike section 115-7.3, removes the general prohibition against propensity evidence without erecting in its place any protections of defendants' rights.
Defendant's conviction should be reversed, as he was denied a fair trial. People v. Johnson, 208 Ill.2d 53, 61, 281 Ill. Dec. 1, 803 N.E.2d 405, 410 (2003) ("this defendant's convictions should be reversed as he was denied a fair trial"). Therefore, I dissent.
NOTES
[1] The dissent contends that section 115-7.4 requires evidence of prior domestic violence crimes to be admitted because the statute states that evidence of such crimes "is admissible." 725 ILCS 5/115-7.4 (West Supp. 2007). We disagree. A review of section 115-7.4 as a whole establishes that the legislature intended that the admission of evidence of prior domestic crimes be permissive, rather than mandatory. See People v. Olsen, 388 Ill.App.3d 704, 717, 328 Ill.Dec. 118, 903 N.E.2d 778, 788 (2009) (terms like "shall" or "will be" will be interpreted as permissive where the legislature so intended). To interpret section 115-7.4 to require the admission of prior crimes evidence would be to render the remainder of the statute meaningless and superfluous, which we may not do. See People v. Perry, 224 Ill.2d 312, 323, 309 Ill.Dec. 330, 864 N.E.2d 196, 204 (2007).
[2] "`In prosecutions under chapter 566 [sex offenses] or 568 [offenses against the family] involving a victim under fourteen years of age, whether or not age is an element of the crime for which the defendant is on trial, evidence that the defendant has committed other charged or uncharged crimes involving victims under fourteen years of age shall be admissible for the purpose of showing the propensity of the defendant to commit the crime or crimes with which he is charged, provided that such evidence involves acts that occurred within ten years before or after the act or acts for which the defendant is being tried.'" (Emphasis added.) Mo.Rev.Stat. 566.025 (1994). Donoho, 204 Ill.2d at 179, 273 Ill.Dec. 116, 788 N.E.2d at 720.
[3] "`(a) In a criminal action in which the defendant is accused of a sexual offense, evidence of the defendant's commission of another sexual offense or offenses is not made inadmissible by Section 1101 [general bar of admission of other crimes evidence with traditional exceptions], if the evidence is not inadmissible pursuant to Section 352 [balance probative versus prejudicial nature].

(b) In an action in which evidence is to be offered under this section, the people shall disclose the evidence to the defendant, including statements of witnesses or a summary of the substance of any testimony that is expected to be offered[, at least 30 days before the scheduled date of trial or at such later time as the court may allow for good cause].
(c) This section shall not be construed to limit the admission or consideration of evidence under any other section of this code.'" Cal. Evid.Code 1108 (West 2002). Donoho, 204 Ill.2d at 181, 273 Ill.Dec. 116, 788 N.E.2d at 720-21.