# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Fields*, 2013 IL App (3d) 080829-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALBERT L. FIELDS, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-08-0829 |
| Opinion filed<br>Modified upon denial<br>of rehearing | August 22, 2013<br><br>October 28, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A postconviction petition is the appropriate vehicle to raise the issue of whether defendant's conviction should be reversed and remanded for a new trial when his conviction in a separate case was admitted as propensity evidence, not for purposes of impeachment, and that conviction was reversed after defendant's trial, since the reversal would constitute "new evidence" that arose after defendant's conviction in the case at issue. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 07-CF-37; the Hon. Larry S. Vandersnick, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant. |
|---|---|
|  | Terence M. Patton, State's Attorney, of Cambridge (Stephen E. Norris and Patrick D. Daly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion. Justice Lytton specially concurred, with opinion, joined by Justice Schmidt. |

## OPINION

¶ 1    Defendant, Albert L. Fields, was convicted of two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)), three counts of criminal sexual assault (720 ILCS 5/12-13(a)(1), (a)(3) (West 2006)), and two counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2006)).

¶ 2    Defendant appealed his convictions. We reversed and remanded for a new trial on the sole ground that defendant was denied effective assistance of counsel because his attorney was laboring under a *per se* conflict of interest. We did not reach defendant's remaining issues on appeal. *People v. Fields*, 409 Ill. App. 3d 398 (2011).

¶ 3    Thereafter, the supreme court reversed our decision and directed us to consider "those issues previously raised but left unresolved owing to [our] disposition." *People v. Fields*, 2012 IL 112438, ¶ 43. Upon subsequent review, we affirmed the trial court's decision. Defendant has now filed a petition for rehearing. The petition is denied but this opinion is modified to address its issues.

¶ 4                                    FACTS

¶ 5    On January 5, 2007, defendant was charged by information alleging that between 1999 and October 27, 2004, defendant, age 17 or older, did, on two separate occasions, place his penis in K.N.J.'s mouth when she was younger than 13 (counts I and II predatory criminal sexual assault of a child); between 1999 and February 2006, did place his penis in K.N.J.'s mouth by the use or threat of force (count III criminal sexual assault); between 1999 and February 2006, did, on two separate occasions, place his penis in K.N.J.'s mouth when she was younger than 18 and he was her stepfather (counts IV and V criminal sexual assault); and between 2001 and February 2006, did fondle K.N.J.'s breasts and vagina and made her fondle his penis for his sexual arousal or gratification when she was younger than 18 and he

was her stepfather (counts VI and VII aggravated criminal sexual abuse).

¶ 6    Prior to trial, the circuit court granted the State's motion to introduce other-crimes evidence pursuant to section 115-7.3 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/115-7.3 (West 2008)). Specifically, the court allowed evidence regarding an incident of aggravated criminal sexual abuse which formed the basis for a conviction in Rock Island County. The parties disputed the form in which that evidence would be presented. Defendant argued that testimony about the prior incident would be appropriate but not a certified copy of conviction. The State contended, and the circuit court agreed, that the prosecution could present both. Ultimately, the court held that the State could present the certified copy of conviction as well as testimony.

¶ 7    During trial, the State tendered People's Exhibit No. 8, a certified copy of defendant's conviction of aggravated criminal sexual abuse in Rock Island County. The circuit court admitted the exhibit and told the jurors it was admitted on the issue of defendant's propensity to commit the offenses with which he was charged in this case, and it was up to them to determine how much weight it should be given. The court expressly ruled, however, that the conviction could not be used to impeach defendant's credibility if he chose to testify.

¶ 8    The State also called C.S. to offer testimony concerning defendant's conviction of aggravated criminal sexual abuse in Rock Island County. C.S. testified that she was born on September 12, 1996. She lived in Moline with her mother and defendant. One morning, defendant gave her a book containing photographs of naked women and told her to put it on his weight set in the basement. He then followed C.S. downstairs, put her hand on his "wee wee" and made her rub it. Defendant also put his hand down C.S.'s pants and stuck his finger inside her. C.S. was nine years old at the time. Defendant told C.S. that he would spank her if she told anyone. C.S. eventually told her mother after defendant had kicked them out of the house.

¶ 9    K.N.J. testified that she lived with her mother, brother, two sisters, and her mother's boyfriend, defendant.[1] At some point, defendant and K.N.J.'s mother married. K.N.J. testified to a series of sexual incidents involving her and defendant. On one occasion, defendant asked K.N.J. to lift her shirt and her bra. She did so and defendant stared at her. He said it was punishment because she had been mean to her mother. On subsequent occasions, defendant would ask her to lift her shirt and bra and defendant would touch her breasts. Sometimes, defendant would touch her breasts with one hand and masturbate with the other. K.N.J. also recalled other incidents in which defendant made her touch his penis with her hand and put his penis in her mouth. She also recalled him touching her "private area." All these incidents happened at home and when everyone else living in the home was either asleep or not around. K.N.J. could not remember how many times these things happened, nor could she recall all the particulars of each incident.

¶ 10    K.N.J. further testified that defendant moved out for good after a woman from DCFS came to the home to speak with her and other members of her family. When K.N.J. was told the woman wanted to talk to her, defendant made a gesture to K.N.J. as if to tell her to keep

---

[1]Defendant resided with both C.S. and K.N.J. at different times.

her lips "zipped." The woman subsequently asked if defendant had ever touched K.N.J. K.N.J. responded no and stated she would tell her mother if anyone had inappropriate contact with her. At this point, DCFS had not received any complaints about defendant abusing K.N.J. The visit to K.N.J.'s home resulted from C.S.'s complaints against defendant. K.N.J. eventually informed her mother of defendant's alleged abuse. K.N.J.'s mother subsequently contacted the authorities.

¶ 11    Officer Richard Turley testified that he interviewed defendant. Defendant denied he abused K.N.J. He stated that K.N.J.'s mother must have put her up to it after learning he had an affair with another woman (C.S.'s mother).

¶ 12    Defendant testified that he and his daughter, Ashley, moved in with K.N.J. and K.N.J.'s family in 2000. Defendant denied ever having sexual contact with K.N.J. He also denied having sexual contact with C.S. Defendant admitted having an affair with C.S.'s mother. While incarcerated in jail awaiting trial on the charges brought by C.S., defendant received a letter from K.N.J.'s mother stating she was not sure she could continue to be a good wife because she would want to get even with him for cheating on her. In rebuttal, the State called K.N.J.'s mother. She admitted writing defendant while he was in jail but denied threatening retaliation based on his affair with C.S.'s mother.

¶ 13    Following deliberations, in the instant case, the jury found defendant guilty on all seven counts. At the conclusion of defendant's sentencing hearing, the court vacated the three criminal sexual assault convictions (counts III, IV, and V) on one-act, one-crime grounds, and imposed consecutive sentences of 18 years' imprisonment for each conviction of predatory criminal sexual assault of a child (counts I and II), and concurrent sentences of 6 years' imprisonment for each conviction of aggravated criminal sexual abuse (counts VI and VII).

¶ 14    On September 30, 2009, subsequent to defendant's conviction and sentence in the instant case, a different panel of this court reversed defendant's Rock Island County conviction (hereinafter, Rock Island) (charges involving C.S.) on the basis that his trial counsel, having previously represented C.S., was laboring under a *per se* conflict of interest. *People v. Fields*, No. 3-07-0305 (Sept. 30, 2009) (unpublished order under Supreme Court Rule 23). The panel remanded the matter for a new trial.

¶ 15    On remand (April 15, 2010), the State filed a motion to dismiss the Rock Island charges (abuse of C.S.) with leave to reinstate. The circuit court granted the State's motion. The Rock Island County's docket sheet illustrates that the State never refiled the charges against defendant. Thus, at the present time, no conviction or charges exist with regard to any alleged sexual conduct defendant had with C.S.

¶ 16                                ANALYSIS

¶ 17    Defendant's issues on appeal are: (1) the circuit court erred in allowing the State to introduce a certified copy of defendant's Rock Island conviction, and (2) his conviction must be reversed and the cause remanded for a new trial because defendant's Rock Island conviction was subsequently reversed by our court.

¶ 18    In examining defendant's first argument, we note that defendant's Rock Island conviction

-4-

was in good standing at the time the circuit court was called on to determine its admissibility. It was not until after defendant was convicted and sentenced on the instant charges that his separate Rock Island conviction was reversed by this court. Defendant's first argument must therefore be considered with this context in mind.

¶ 19    Evidence regarding a defendant's other crimes is normally inadmissible if offered to demonstrate the defendant's bad character or his propensity to commit crime. *People v. Evans*, 373 Ill. App. 3d 948, 958 (2007). However, section 115-7.3 of the Code provides an exception to the rule against other-crimes evidence:

"(a) This Section applies to criminal cases in which:

(1) the defendant is accused of predatory criminal sexual assault of a child, aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse, criminal sexual abuse, *** or criminal transmission of HIV;

* * *

(b) If the defendant is accused of an offense set forth in paragraph (1) or (2) of subsection (a) or the defendant is tried or retried for any of the offenses set forth in paragraph (3) of subsection (a), evidence of the defendant's commission of another offense or offenses set forth in paragraph (1), (2), or (3) of subsection (a), or evidence to rebut that proof or an inference from that proof, may be admissible (if that evidence is otherwise admissible under the rules of evidence) and may be considered for its bearing on any matter to which it is relevant.

(c) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

(1) the proximity in time to the charged or predicate offense;

(2) the degree of factual similarity to the charged or predicate offense; or

(3) other relevant facts and circumstances." 725 ILCS 5/115-7.3(a)(1), (b), (c)(1) to (c)(3) (West 2010).

¶ 20    Looking at defendant's first argument on appeal, defendant has not challenged the trial court's decision to allow C.S. to testify in regard to his Rock Island conviction. Rather, he only claims error in the admission of the certified conviction on what appear to us to be two grounds. His first contention is that the document does not constitute "evidence" as identified in section 115-7.3(b).[2] He contends that because resolution of this issue requires construction of the statute and that the trial court was laboring under a misinterpretation, our review should be *de novo*. He has also, however, argued, as a second ground, that allowing the jury to see the document was "so prejudicial as to deny Mr. Fields a fair trial." The determination

---

[2]In discussing this issue, both parties cite *People v. Donoho*, 204 Ill. 2d 159 (2003). In *Donoho*, a written version of defendant's admissions was tendered. While the trial court allowed testimony about the statement and the conviction, it did not allow the document to be published to the jury or to go to the jury room. At sentencing, a documentary certified conviction was admitted, without objection, for purposes of enhancement of sentence. The supreme court did not have occasion to determine the specific question raised by defendant in this case.

of whether the prejudicial effect of evidence substantially outweighs its probative value is left to the discretion of the trial court and our standard of review for this second contention is abuse of discretion.

¶ 21   Reviewing defendant's first contention *de novo*, we reject his claim that a certified conviction does not constitute "evidence" as referenced in section 115-7.3 and cannot be admitted at trial. Defendant apparently reads section 115-7.3 to allow only the admission of testimonial evidence, adding the limiting term "testimonial" into section 115-7.3. Not only does the plain language of section 115-7.3 not support defendant's narrow interpretation, Illinois' long-standing definition of "evidence" refutes it.

¶ 22   "Evidence" includes all of the means by which alleged facts are proved or disproved. *People v. Foss*, 201 Ill. App. 3d 91, 94-95 (1990). It can be real or documentary. *People v. Victors*, 353 Ill. App. 3d 801, 811 (2004). It encompasses testimony delivered by witnesses and records, documents, objects, stipulations, and facts judicially noticed or presumed. *Foss*, 201 Ill. App. 3d at 95. "Relevant evidence," which is the only evidence admissible in our courts, is defined in Rule 401 of the Federal Rules of Evidence as:

> "evidence having any tendency to make the existence of any fact that is on consequence to the determination of the action more probable or less probable than it would be without the evidence."

That definition has been adopted for Illinois and continues in use. See *Voykin v. Estate of DeBoer*, 192 Ill. 2d 49, 57 (2000).

¶ 23   There is no requirement in the statute that defendant has been charged with or convicted of the "other crimes" sought to be admitted. Sometimes the only evidence of such crimes is the testimony of the victim and other appropriate witnesses or evidence of the defendant's admission that he committed the act(s). Where, as here, defendant has actually been convicted of the "other crime," a certified copy of the conviction is certainly evidence of its commission. We note section 115-7.3(b) expressly references "commission of another offense." 725 ILCS 5/115-7.3(b) (West 2010). A certified conviction constitutes some fact that shows defendant has been proven to the satisfaction of a jury to have committed "another offense." Thus, we believe section 115-7.3 contemplates and authorizes admission of certified convictions as "evidence."

¶ 24   We find nothing in the definition of "evidence" or the language of the statute to support defendant's restrictive interpretation of the term "evidence" as used in section 115-7.3. Because our interpretation of the statute appears the same as that of the trial court, we do not find its decision to allow the admission of defendant's certified conviction to be the result of statutory misinterpretation.

¶ 25   Turning to defendant's second ground for excluding the certified conviction, we also reject his assertion that its admission in this case was unduly prejudicial. Evidence of the commission of prior offenses will always be prejudicial to some extent. We emphasize, however, that the test is not whether evidence of the prior offense results merely in prejudice. Instead, the test is whether the prejudicial effect of the evidence so substantially outweighs its probative value that its impact becomes unfair or improper–it becomes unduly prejudicial. *Donoho*, 204 Ill. 2d at 182. In making this determination a circuit court must look to the

proximity in time between the offenses, the degree of factual similarity and any other relevant facts. 725 ILCS 5/115-7.3(c)(1) to (c)(3) (West 2010).

¶ 26    According to the charging instrument, the acts with which defendant was charged in the instant case took place between 1999 and 2006. Defendant's Rock Island conviction was entered in 2007 and involved conduct that took place in 2005. Therefore, this is not a situation like the one in *Donoho*, where the other crime occurred many years prior to the conduct at issue in this case. Both incidents occurred within the same time frame. Moreover, there are certainly similarities between the facts of the Rock Island conviction and the present case. Both incidents occurred within a family-type relationship and involved children in the same age range (C.S. was born in 1996, K.N.J. was born in 1991). Both incidents involved female children of women with whom defendant was currently living. Both incidents involved defendant either inserting his finger in or touching the girl's vagina. Both incidents involved defendant forcing the girls to touch his penis.

¶ 27    Here, we find that the trial court's evaluation was not "so 'arbitrary, fanciful or unreasonable' [citation] as to constitute an abuse of discretion." *Donoho*, 204 Ill. 2d at 186. Nonetheless, we emphasize the supreme court's caution that trial judges should carefully consider the admissibility of other-crimes evidence to show propensity by engaging in a meaningful assessment of the probative value versus the prejudicial impact of the evidence. See *Donoho*, 204 Ill. 2d at 186.

¶ 28    We now turn to defendant's second argument on appeal. Defendant contends that his conviction must be reversed and the cause remanded for a new trial because the Rock Island conviction, admitted to show propensity, was subsequently reversed by our court. Again, we note that the State voluntarily dismissed the Rock Island charges on remand. The result of these subsequent proceedings/developments is that the jury in the instant case was allowed to hear evidence of defendant's commission of "another offense" that has now been overturned. Thus, defendant no longer stands guilty of the offense admitted under section 115-7.3. While admission of the Rock Island conviction at the time of the instant trial was not an abuse of discretion for the reasons discussed above, our later reversal of the Rock Island conviction in defendant's other appeal creates a *new* question. The new issue is whether subsequent reversal of a conviction that was previously admitted as propensity evidence (nonimpeachment) in a separate case entitles defendant to a new trial in said separate case. Because our reversal of defendant's Rock Island conviction in defendant's other appeal was based on a constitutional infirmity (attorney conflict of interest) and, in essence, constitutes "new evidence" that developed *after* defendant's conviction and sentence in the present case, we hold defendant's argument can only appropriately be brought in a postconviction petition.

¶ 29    In the petition for rehearing, defendant disputes that conclusion, arguing that because the issue was raised in this direct appeal and the appeal had not been decided before the Rock Island conviction was reversed, and because the issue presents no question of fact or credibility to be ruled on by the trial judge, we should answer the new question within this appeal. There are two essential reasons why we believe that we cannot. First, the limits of our reviewing authority extend only to matters that were presented in the trial court. This fundamental restriction underlies the concepts of waiver and forfeiture, which bar our

consideration of issues that were not presented in the trial court or properly preserved for review. We are solely a reviewing court. We can correct errors that the trial court may have made in its consideration of issues before it; we cannot "review" issues it has had no opportunity to hear and decide. We note that *People v. Martin-Trigona*, 129 Ill. App. 3d 212 (1984), on which defendant relies, was, in fact, an appeal from the denial of a postconviction petition and properly before the appellate court. Second, we lack the supervisory authority which would allow us to step outside of the limitations of the supreme court rules governing appeals and act independently of our responsibilities. See Ill. Const. 1970, art. VI, § 16 (the Constitution vests the supreme court with supervisory authority over all courts). The supreme court has made very clear that this supervisory authority resides only with it:

> "As this court has repeatedly stated, and as the appellate majority correctly held, the appellate and circuit courts of this state *must* enforce and abide by the rules of this court. The appellate court's power 'attaches only upon compliance with the rules governing appeals.' *People v. Flowers* 208 Ill. 2d 291, 308 (2003). ***
>
> ***
>
> *** [A]lthough the appellate court must abide by this court's rules, this court possesses supervisory authority over the Illinois court system. In oral argument on this case, the State correctly acknowledged that this court could reinstate petitioner's appeal pursuant to our supervisory authority if we were so inclined." *People v. Lyles*, 217 Ill. 2d 210, 216-17 (2005).

¶ 30    In coming to this conclusion and in light of judicial economy, we note that the State in addressing defendant's second argument has cited cases for the proposition that "where a prior conviction used as impeachment is not void at the time of its introduction into evidence, it will not be considered reversible error if that conviction was subsequently reversed on appeal." This line of authority is not specifically relevant in the instant case. Defendant's Rock Island conviction was admitted on the issue of defendant's *propensity* to commit the offenses with which he was charged in the instant case. It was not admitted for impeachment purposes. In fact, the circuit court here expressly held that the conviction could not be used to impeach defendant if he decided to testify. The answer to defendant's new question could clearly benefit from additional briefing and argument.

¶ 31                                                    CONCLUSION

¶ 32    For the foregoing reasons, we affirm defendant's conviction. The appropriate vehicle for seeking review of the effect, if any, of the reversal of his Rock Island conviction would be a postconviction petition.

¶ 33    Affirmed.

¶ 34    JUSTICE LYTTON, specially concurring.

¶ 35    I concur with the result in the majority opinion.

¶ 36    Justice Schmidt joins in this special concurrence.